# EXHIBIT A

**PLEASE READ THIS AGREEMENT CAREFULLY BEFORE SIGNING**

<u>**MUTUAL AGREEMENT TO ARBITRATE EMPLOYMENT-RELATED DISPUTES**</u>

This Mutual Agreement to Arbitrate Employment-Related Disputes ("Agreement") presented to you (referred to in this Agreement as "EMPLOYEE", "you," "me", or, "my") on 09/28/2021 sets forth the terms of the agreement by and between you and MAXIM HEALTHCARE STAFFING SERVICES, INC. (hereinafter referred to as "MAXIM") (collectively, "the Parties") regarding a dispute-resolution procedure for resolving employment-related disputes.  For purposes of this Agreement, MAXIM shall include Maxim Healthcare Staffing Services, Inc. and any of its former, existing and future parents, subsidiaries, partners, predecessors, successors and affiliate corporations and business entities.

**I.     <u>Intent of the Agreement</u>**

MAXIM believes that if a dispute, claim, complaint, or controversy (a "Dispute") related to EMPLOYEE's recruitment, application, employment, or separation from employment with MAXIM, exists or arises, it is in the best interest of the Parties to resolve the Dispute without litigation.  Most Disputes can be resolved internally through MAXIM's grievance and complaint processes.  When such Disputes are not resolved internally, however, EMPLOYEE and MAXIM agree to resolve Disputes involving Covered Claims (defined below) through final and binding arbitration as described below.  **EMPLOYEE and MAXIM understand that by entering into this Agreement they are giving up the right to have any Covered Claims decided by a judge or jury.**

**II.    <u>Claims covered by this Mutual Agreement to Arbitrate (Covered Claims)</u>**

In exchange for the mutual promises contained in this Agreement, and as a condition of Employee's employment with MAXIM,  **EMPLOYEE and MAXIM agree to arbitrate before a neutral arbitrator exclusively on an individual basis (and not on a class, collective, or representative basis)** any and all existing or future disputes, claims, or complaints ("Claims"), except those Claims not covered by this Agreement as described in Section III below, involving MAXIM and/or any of its former, current, and future officers, directors, employees, and/or agents that directly or indirectly arise out of or relate to EMPLOYEE's recruitment, application, employment or separation from employment with MAXIM (collectively "Covered Claims").  Covered Claims include disputes or claims that EMPLOYEE has involving MAXIM's current or former employees, officers, directors and/or agents.  Additionally, Covered Claims include, but are not limited to:

- Claims for fraud, promissory estoppel, fraudulent inducement of contract or breach of contract or contractual obligation, whether such alleged contract or obligation be oral, written, or express or implied by fact or law;

- Claims for wrongful termination of employment, violation of public policy and/or constructive discharge, infliction of emotional distress, misrepresentation, interference with contract or prospective economic advantage, defamation, unfair business practices, private injunctive relief, and any other tort or tort-like causes

of action relating to or arising from the employment relationship or the formation or termination thereof;

- Claims for discrimination, harassment or retaliation, whether on the basis of age, gender, sex, race, national origin, religion, disability or any other unlawful basis, under any and all federal, state, or local statutes, regulations or rules, ordinances or common law, including but not limited to Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, and including claims under the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, Section 1981 of the Civil Rights Act, the Worker Adjustment and Retraining Notification Act, the Fair Credit Reporting Act, the Genetic Information Nondiscrimination Act, and the Uniform Services Employment and Reemployment Rights Act.

- Claims for non-payment or incorrect payment of wages, inaccurate wage statements, compensation, premium pay, commissions, bonuses, expenses, severance, employee fringe benefits, stock options and the like, penalties, and restitution, whether such claims be pursuant to alleged express or implied contract or obligation, equity, and any federal, state, or local statutes, regulations or rules, ordinances or common law, concerning wages, hours, working conditions, compensation or employee benefits.

- Claims arising out of or relating to the grant, exercise, vesting and/or issuance of equity in MAXIM or options to purchase equity in MAXIM.

- Claims for breach of the Non-Solicitation, Non-Disclosure and Non-Competition Agreement between EMPLOYEE and MAXIM if EMPLOYEE is employed in California at the time of the alleged breach.

### III. <u>Claims not covered by this Agreement to arbitrate</u>

Notwithstanding the above, EMPLOYEE and MAXIM agree that the following Claims are not covered by this Agreement to arbitrate and shall therefore be resolved in any appropriate forum as required by the laws then in effect:

- Claims for breach of the Non-Solicitation, Non-Disclosure and Non-Competition Agreement between EMPLOYEE and MAXIM unless EMPLOYEE is employed at the time in California at the time of the alleged breach.

- Claims for workers' compensation benefits, unemployment insurance, or state or federal disability insurance;

- Any criminal complaint or proceeding;

- Whistleblower retaliation claims under the Sarbanes-Oxley Act;

- Claims brought by Employee in state or federal court as a representative of the state of California as a private attorney general under PAGA;

- Claims for public injunctive relief under applicable California law;

- Claims under the National Labor Relations Act, as amended, that fall within the exclusive jurisdiction of the National Labor Relations Board;

- Claims for benefits under a plan that is governed by Employee Retirement Income Security Act of 1974 ("ERISA"); and

- Any other Claim that has been expressly excluded from arbitration by statute, regulation or state law that is not preempted by the Federal Arbitration Act.

The Parties also retain their rights, pursuant to applicable law, to apply in court for a provisional remedy in connection with a Covered Claim solely upon the grounds allowed by applicable law.

Nothing in this Agreement to arbitrate should be interpreted as restricting or prohibiting EMPLOYEE from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the U.S. Department of Labor, the Occupational Safety and Health Commission, the Securities and Exchange Commission, or any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation; however, any Covered Claim that is not finally resolved through the agency proceedings must be submitted to arbitration in accordance with this Agreement.  A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law.

## IV.     Class, collective, or representative action waiver

EMPLOYEE and MAXIM expressly intend and agree that all Covered Claims under this Agreement to arbitrate must be brought in the parties' individual capacity, and not as a plaintiff or class representative or class member in any purported class, collective, or representative action or proceeding.  **No Covered Claims may be brought or maintained on a class, collective, or representative basis either in court or in arbitration.  All Covered Claims will be decided on an individual basis in arbitration pursuant to this Agreement to arbitrate.**  The parties expressly waive any right with respect to any Covered Claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant, or class representative or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court.  If, for any reason, the waiver of any ability to initiate or maintain a claim as a class, collective or representative action is found to be unenforceable or invalid, then any such putative class, collective, or representative action claim shall be litigated and decided in a court of competent jurisdiction, and not in arbitration.  Any issue concerning the enforceability or validity of this class, collective, or representative action waiver must be decided by a court of competent jurisdiction, and not by an arbitrator. Covered

Claims may not be joined or consolidated in arbitration with Covered Claims brought by other individual(s), and no damages or penalties may be sought or recovered on behalf of other individuals, unless agreed to in writing by all parties. Additionally, a court, not an arbitrator must decide any dispute over whether a claim is for public injunctive relief under applicable California law or for private injunctive relief that must be arbitrated.

The arbitrator's authority to resolve disputes and make awards under this Agreement to arbitrate is limited to disputes between:  (i) EMPLOYEE and MAXIM; and (ii) EMPLOYEE and any current or former MAXIM officers, directors, employees and agents, if such individual is sued for conduct arising out of their scope of his/her employment with MAXIM.  No arbitration award or decision will have any legal effect on issues or claims in any dispute with anyone who is not named a party to the arbitration.

MAXIM will not discipline, discharge, or engage in any retaliatory action against such EMPLOYEE in the event he/she chooses to challenge the validity of this waiver or engage in any other protected concerted activity under Section 7 of the National Labor Relations Act. However, MAXIM reserves the right to attempt to enforce this waiver in any appropriate forum.

## V.     Final and Binding Arbitration

EMPLOYEE and MAXIM understand and agree that the arbitration of Covered Claims under this Agreement to arbitrate shall be instead of a court trial before a judge and/or a jury. EMPLOYEE and MAXIM also understand and agree that, by entering into this Agreement, they are expressly waiving any and all rights to a trial before a judge and/or a jury regarding any Covered Claims which they now have or which they may in the future have that are subject to arbitration under this Agreement.  EMPLOYEE and MAXIM also understand and agree that the arbitrator's decision will be final and binding on both MAXIM and EMPLOYEE, subject to review on the grounds set forth in the Federal Arbitration Act.

## VI.    Arbitration Procedures

EMPLOYEE and MAXIM understand and agree that arbitration pursuant to this Agreement to arbitrate shall be conducted before a single, neutral arbitrator of the American Arbitration Association ("AAA") (unless the Parties agree upon another mutually acceptable arbitrator, in which case the arbitration will be conducted before such mutually acceptable arbitrator) in accordance with and selected pursuant to the then-current rules and procedures of the Employment Arbitration Rules of the AAA (the "Rules") to the extent not inconsistent with the terms of this Agreement.  The most current version of the Rules may be found on the Internet at www.adr.org.  A printed copy of these rules is also available from MAXIM upon request.

The Rules explain how to file a demand for arbitration.  The demand for arbitration must be filed within the statute of limitations applicable to the claims on which arbitration is sought. All untimely claims will be barred.

To the extent that any of the Employment Arbitration Rules or anything in this Agreement conflicts with any arbitration procedures required by law, the arbitration procedures required by law shall govern.  EMPLOYEE and MAXIM also agree that nothing in this Agreement relieves

either of them from any obligation they may have to exhaust certain administrative remedies before arbitrating any Covered Claims under this Agreement.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems necessary. The Arbitrator shall have the authority to hear and decide a motion to dismiss and/or a motion for summary judgment by any party.  The Arbitrator shall have no authority to require any party to produce contact information, or to order the issuance of a notice, based on class, collective, or representative action procedures.

Either party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render a written award and opinion with the essential findings and conclusions on which the award is based.

### VII.     Damages and Other Relief

Any Covered Claims arbitrated hereunder are subject to the same rights and limitations regarding damages and ability to obtain other relief, including attorneys' fees if authorized by applicable law, as would have applied if the claim was made, and proceeded, in a judicial forum.

### VIII.    Place of Arbitration

The parties understand and agree that the arbitration shall take place in the state in which the EMPLOYEE currently or last worked for MAXIM, unless otherwise agreed by the parties.

### IX.     Modification and Termination

This Agreement will survive the termination of EMPLOYEE's employment with MAXIM, as well as the termination or expiration of any benefit of such employment.  In the event that EMPLOYEE's employment with MAXIM is severed or terminated and EMPLOYEE is subsequently re-employed by MAXIM, this Agreement will remain in full force and effect during such subsequent employment and will survive the termination of such subsequent employment.  The Agreement supersedes any prior agreement between the parties concerning the subject matter of Claims resolution, including any disputes, claims, complaints or controversies arising between EMPLOYEE and MAXIM, which are directly or indirectly related to my employment with MAXIM, the terms and conditions of my employment, my application for employment and/or termination of my employment, unless EMPLOYEE already has the Parties already have a pending claim in arbitration against each other, in which case the prior arbitration agreement will continue to govern that claim.  This Agreement may only be modified, revoked and/or terminated by a subsequent written agreement signed by the EMPLOYEE and a Vice President of MAXIM which specifically states the parties' intent to modify, revoke and/or terminate this Agreement.

### X.      Construction

DB1/ 110462247.5                                    5

If any court of competent jurisdiction finds any part or provision of this Agreement void, voidable or otherwise unenforceable, such a finding will not affect the validity of the remainder of the Agreement and all other parts and provisions will remain in full force and effect.

## XI. Governing law

The parties agree that MAXIM is engaged in transactions involving interstate commerce. They understand and agree that this is an agreement to arbitrate under the Federal Arbitration Act ("FAA"). To the extent not inconsistent with and/or preempted by the FAA, this agreement to arbitrate and its interpretation, validity, construction, enforcement and performance, as well as disputes and/or Claims arising under this Agreement to arbitrate, shall be governed by the laws of the state where the claim arose unless Employee is employed by MAXIM in the State of California, then by the laws of the State of California, to the extent those laws are not inconsistent with and/or preempted by the FAA, shall govern.

## XII. Judicial Enforcement

Either EMPLOYEE or MAXIM may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement. If provided for by the laws of such jurisdiction, either EMPLOYEE or MAXIM may bring an action in any court of competent jurisdiction to enforce or vacate an arbitration award in accordance with such laws.

## XIII. Successors and Assigns

MAXIM may freely assign this Agreement at any time. This Agreement shall inure to the benefit of MAXIM's successors and assigns.

## XIV. Costs of Arbitration

The parties understand and agree that MAXIM will bear the arbitrator's fee and any other type of expense or cost that the EMPLOYEE would not be required to bear if the dispute or claim was brought in court, as well as any other expense or cost that is unique to arbitration. Notwithstanding the above, if EMPLOYEE is the party initiating the claim, EMPLOYEE is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the state in which EMPLOYEE is (or was last) employed by MAXIM. MAXIM and EMPLOYEE shall each pay their own attorneys' fees incurred in connection with the arbitration, and the arbitrator will not have authority to award attorneys' fees unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees to the applicable prevailing party, in which case the arbitrator shall have the authority to make an award of attorneys' fees as required or permitted by applicable law. If there is a dispute as to whether MAXIM or EMPLOYEE is the prevailing party in the arbitration, the Arbitrator will decide this issue.

EMPLOYEE ACKNOWLEDGES THAT:

EMPLOYEE HAS CAREFULLY READ THIS AGREEMENT AND UNDERSTANDS THE TERMS OF THIS AGREEMENT.  THIS AGREEMENT IS BEING ENTERED INTO VOLUNTARILY.  IN ENTERING INTO THIS AGREEMENT, EMPLOYEE IS NOT RELYING ON ANY PROMISES OR REPRESENTATIONS BY MAXIM EXCEPT THOSE CONTAINED IN THIS AGREEMENT.

EMPLOYEE HAS BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH PRIVATE LEGAL COUNSEL AND HAS EXERCISED THAT OPPORTUNITY TO THE EXTENT EMPLOYEE WISHES TO DO SO.

IF EMPLOYEE CONTINUES TO WORK AT MAXIM WITHOUT SIGNING THIS AGREEMENT, THEN THE EMPLOYEE WILL BE DEEMED TO HAVE RATIFIED AND ACCEPTED THIS AGREEMENT THROUGH THE EMPLOYEE'S CONTINUED EMPLOYMENT.

*[signature]*

_____
MAXIM HEALTHCARE STAFFING SERVICES, INC.

EMPLOYEE:

Carolyn Miller                                         Digitally signed by Carolyn E. Miller
                                                       Location: carolynemiller1985@gmail.com
                                                       09/28/2021 10:03:00 AM -05:00
_____                         _____
**{Employee Print Full Name}**                         **{Employee Signature}**

09/28/2021
_____
Date

DB1/ 110462247.5                                    7